## SUPREME COURT.

### Wm. F. Strang agt. Howard Newlin.

Every person *in possession of any dog*, or who shall suffer any dog to remain about his house, for twenty days previous to the injury of the sheep by such dog, shall be deemed the owner of the dog for all the purposes of this title. (2 *Rev. Stat.*, 4th ed., p. 112.)

In order to maintain an action under this statute, where the defendant denies that he is the owner of the dog, the plaintiff must prove that the defendant had the possession, or suffered the dog to remain about his house, for twenty days previous to the injury of the sheep.

*Second District, General Term, December,* 1869.
*Before* J. F. Barnard, Tappen *and* Gilbert, *Justices.*
Appeal from judgment at special term.

John L. Hill, *for appellant.*
O. T. Coffin, *for respondent.*

*By the court,* Tappen, J.—The defendant's liability is to be determined by the construction of a provision in the Revised Statutes, with reference to the owners or possessors of dogs that kill, or injure sheep.

The dog in question was on the defendant's premises, as the property of the previous owner of the farm, which the defendant had purchased a short time before the occurrence. The dog remained about the premises after the defendant took possession. The proof does not show that, in fact, the defendant was the owner of the animal; members of the defendant's family had, during the time specified, fed the dog when he was around the house. The previous owner of the farm had removed from the place, leaving some goods, however, to be subsequently removed.

The statute in question, (4 *Rev. Stat.*, *vol.* 2, *pp.* 112, 113) provides that every *person in possession* of any dog, or who shall suffer any dog to remain about his house, for twenty days previous to the injury of the sheep by such dog, shall be deemed the owner of the dog for all the purposes of the title. The object of the statute was to afford immediate redress to the owner of any sheep killed or injured by dogs.

The fact that there was an owner of the dog, does not exempt from liability any other person who suffers a dog to remain about his house for the space of twenty days; because by such *sufferance* the dog has an opportunity to attack sheep in the neighborhood.

The defendant is chargeable in law with suffering the dog to remain about his house, because the dog did so remain, and every man is chargeable with the reasonable control of his own household and premises; and, in the language of the statute in question, for the purposes of its title, the defendant is to be deemed the owner because of such tolerance, and because there was, in fact, no other possessor, and the sheep being killed or injured by such dog during such possession, the defendant is to be deemed owner of the dog, for the purpose only of compensation to the owner of the sheep.

In *Auchmuty* agt. *Ham*, ( 1 *Denio*, 500,) the court says: " The legislature evidently intended by the provision in question, to cast upon any person having possession, or suffering the dog to remain for the space of twenty days, &c., the responsibility, whether in fact such possessor was *or not* the owner."

The liability of the defendant is, therefore, created by statute; he is chargeable with knowledge of the statute; and the person claiming to have been damnified by the loss of sheep by such dog, is not obliged to seek out or find the true owner of the dog. But, assuming the law to be here correctly stated, the evidence, on the part of the plaintiff, does not show that the defendant had such possession, or

suffered such dog to remain for twenty days; this proof is essential to the maintenance of the action, when the defendant shows upon the trial that he is not the owner of the dog. The defendant offered proof, tending to show that he was not such owner, and if his liability is to be determined by possession, then the plaintiff should have proven such possession or tolerance for the period of twenty days, &c. The proof does not establish this fact. If it be claimed that the defendant was in fact the owner, that presents a question not determined in the case. The complaint charges defendant's liability to have arisen from harboring or keeping the dog, &c.

Judgment should, therefore, be reversed, and a new trial granted at circuit; costs to abide event.

BARNARD, J., dissented.